Jovita **CAMPOS**, Appellant,

v.

**STATE FARM GENERAL INSURANCE COMPANY**, Appellee.

No. 04–96–00281–CV.

Court of Appeals of Texas, San Antonio.

Jan. 29, 1997.

Rehearing Overruled Feb. 24, 1997.

Carl Pipoly, Law Offices of Carl Pipoly, San Antonio, for Appellant.

Erin McNiece Strimple, Laurence Kurth, Lori M. Cliffe, Jones, Kurth & Andrews, P.C., San Antonio, for Appellee.

Before STONE, GREEN and ANGELINI, JJ.

## OPINION

GREEN, Justice.

In this appeal, Jovita Campos argues that the trial court abused its discretion in excluding her attorney's testimony on the issue of attorney fees. For the reasons that follow, we affirm.

## FACTS

Campos brought this breach of contract action against State Farm General Insurance Company. In addition to damages, she sought an award of statutory attorney fees. Less than thirty days before trial, Campos supplemented her responses to State Farm's interrogatories to name her attorney as an expert witness on the issue of attorney fees. State Farm then moved to strike the attorney as untimely designated. The court granted this motion.[1] The attorney was not allowed to testify at the trial. The jury returned a verdict in favor of Campos on her breach of contract claim, and the trial court entered a judgment awarding her $2934.24 plus costs and pre- and post-judgment interest. In her sole point of error, Campos argues that the trial court abused its discretion in excluding her attorney's testimony as an expert witness and as a fact witness on the issue of attorney fees.

## EXPERT WITNESS

■■■ Attorney fees are recoverable in an action on a written contract. *Novosad v. Mid–Century Ins. Co.,* 881 S.W.2d 546, 552 (Tex.App.—San Antonio 1994, no writ); *see* TEX. CIV. PRAC. & REM.CODE ANN. § 38.001 (Vernon 1986). To recover an award of attorney fees, the party seeking the award must establish that the amount sought is reasonable. *See Budd v. Gay,* 846 S.W.2d 521, 524 (Tex.App.—Houston [14th Dist.] 1993, no writ). There is a rebuttable presumption that usual and customary fees are reasonable. TEX. CIV. PRAC. & REM.CODE ANN. § 38.003 (Vernon 1986). In this case, Campos did not establish that the attorney fees she sought were reasonable because her attorney was not allowed to testify regarding the usual and customary fees.

■■■ A party must supplement discovery responses to identify expert witnesses not previously identified "as soon as is practical, but in no event less than thirty (30) days

prior to the beginning of trial except on leave of court." TEX.R. CIV. P. 166b(6)(b). If a party fails to supplement a discovery response to identify an expert witness, the party "shall not be entitled ... to offer the testimony of [the] expert witness ... unless the trial court finds that good cause sufficient to require admission exists." TEX.R. CIV. P. 215(5). Here, Campos identified her attorney as an expert witness less than thirty days before trial and she failed to establish good cause.[2] The trial court therefore refused to allow Campos' attorney to testify as an expert witness.

Campos argues that excluding her attorney's testimony was an excessive discovery sanction in light of *TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913 (Tex. 1991). Under the facts of this case, however, *TransAmerican* does not apply.

In *TransAmerican,* the trial court entered a sanctions order striking the plaintiff's pleadings and dismissing the plaintiff's action with prejudice. 811 S.W.2d at 916. The applicable provisions of the Texas Rules of Civil Procedure were paragraphs 2(b) and 3 of Rule 215. Both of these paragraphs leave the choice of discovery sanctions to the discretion of the trial court and both require the sanction to be just. *Id.* at 917. The Texas Supreme Court held that whether a sanction is just is measured by two standards. First, there must be a direct relationship between the offensive conduct and the sanction imposed. This means that the trial court must direct the sanction against the offense and against the offending person. Second, the sanction must not be excessive. This means that the trial court must consider the availability of less severe sanctions. *Id.*

■■■ In this case, unlike in *TransAmerican,* the applicable provision of the Texas Rules of Civil Procedure is paragraph 5 of Rule 215. Paragraph 5, as distinguished from paragraphs 2(b) and 3, does not give

---

1. Although the Honorable Michael Peden presided at the trial of this case, the Honorable John J. Specia, Jr., granted the motion to strike.

2. Campos has suggested that good cause exists in this case because State Farm was not surprised regarding the claim for attorney fees. This is not

sufficient to establish good cause. *See Sharp v. Broadway Nat'l Bank,* 784 S.W.2d 669, 671 (Tex. 1990) (holding that the absence of surprise, unfairness, or ambush does not satisfy the good cause requirement).

discretion to the trial judge in choosing the appropriate sanction and it does not contain a requirement that the sanction be just. Rule 215(5)'s sanction is mandatory—a party who fails to supplement discovery responses to identify expert witnesses "*shall not* be entitled . . . to offer" the expert's testimony unless good cause exists. TEX.R. CIV. P. 215(5) (emphasis added). Because the sanction is mandatory, the two *TransAmerican* requirements discussed above do not apply. The trial court was not required to consider whether there was a direct relationship between the offense and the sanction or to consider the availability of lesser sanctions. *See Dawson–Austin v. Austin*, 920 S.W.2d 776, 794 (Tex.App.—Dallas 1996, n.w.h.); *Patton v. Saint Joseph's Hosp.*, 887 S.W.2d 233, 238 (Tex.App.—Fort Worth 1994, writ denied).

■ In *TransAmerican*, the court also held that due process considerations limit a trial court's power to impose "[s]anctions which are so severe as to preclude presentation of the merits of the case." 811 S.W.2d at 918. This type of sanction has come to be referred to as a "death penalty sanction." *See Welex v. Broom*, 823 S.W.2d 704, 705 n. 2 (Tex.App.—San Antonio 1992, writ denied) (defining "death penalty sanction" as a sanction that "in effect, eliminates a claim, counterclaim, or defense and precludes a decision on the merits of the party's claim, counterclaim, or defense"). A death penalty sanction "should not be assessed absent a party's flagrant bad faith or counsel's callous disregard for the responsibilities of discovery under the rules." *TransAmerican*, 811 S.W.2d at 918.

■ This case, unlike *TransAmerican*, does not involve a death penalty sanction. The trial court excluded the attorney's testimony on the issue of statutory attorney fees. This sanction did not "preclude presentation of the merits of the case." *See id.* The merits of Campos' breach of contract claim were heard by the jury and Campos was awarded damages for the breach. The sanction only prevented her from recovering attorney fees under section 38.001. The attorney fees recoverable under this statute "are in the nature of a remedy, not a vested right.

They are not part of a demand or claim, but, rather, constitute a penalty designed to discourage unnecessary litigation." *City of Fort Worth v. Gene Hill Equip. Co.*, 761 S.W.2d 816, 822 (Tex.App.—Fort Worth 1988, no writ); *see also Wheelways Ins. Co. v. Hodges*, 872 S.W.2d 776, 783 n. 8 (Tex.App.—Texarkana 1994, no writ) (stating that attorney "fees are in the nature of a penalty or punishment for failure to pay a just debt"). Accordingly, section 38.001 does not create a cause of action for attorney fees separate from the cause of action for breach of contract, and a request for statutory attorney fees is not a "claim" as that term has been used in defining a death penalty sanction.

## FACT WITNESS

Campos argues that even if her attorney could not testify as an expert witness, he should have been allowed to testify as a fact witness regarding usual and customary attorney fees. She timely designated her attorney as a fact witness.

■ Campos correctly points out that attorneys may testify as fact witnesses regarding the facts of their representation. *See, e.g., Budd v. Gay*, 846 S.W.2d 521, 524 (Tex. App.—Houston [14th Dist.] 1993, no writ). But an attorney's testimony regarding whether a fee is usual and customary is expert testimony. *See Gifford v. Old Republic Ins. Co.*, 613 S.W.2d 43, 46 (Tex.Civ. App.—Houston [14th Dist.] 1981, no writ) (holding that an attorney's affidavit stating that a fee was customary and reasonable was expert testimony). Therefore, the trial court did not abuse its discretion in refusing to allow Campos' attorney to testify as a fact witness regarding usual and customary fees.

The judgment of the trial court is affirmed.