

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-12-00099-CV

In the Interest of **M.J.M.**, a Child

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 10-2042-CV
Honorable Dwight E. Peschel, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
Sandee Bryan Marion, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  June 26, 2013

REVERSED AND REMANDED

J. Micah Morgan ("Micah") appeals from a final judgment assessing death penalty sanctions against him in a suit to modify the parent-child relationship. Micah presents two issues on appeal. First, Micah argues the trial court erred in assessing death penalty sanctions against him for discovery abuse without first considering less stringent sanctions. Second, Micah argues the trial judge's conduct during the sanctions hearing prevented him from receiving a fair and impartial trial. We reverse and remand.

## BACKGROUND

Micah was divorced from Christine Inmon ("Christine") on January 13, 2004. The divorce decree appointed Micah and Christine as joint managing conservators of their two children; however, Christine was appointed the conservator with the exclusive right to designate the

children's primary residence. On September 24, 2010, Micah filed a suit to modify the parent-child relationship, asking to be appointed the conservator with the exclusive right to designate the primary residence of one of the children, M.J.M. When the petition was filed, M.J.M. was twelve years of age or older.

During the next seven months, Christine attempted to obtain discovery from Micah with little success. Christine noticed Micah's deposition, but Micah failed to appear. Christine propounded interrogatories, but Micah failed to answer. Christine requested production of documents. Micah responded to the request, stating that copies of the requested documents could be inspected at his lawyer's office. Nevertheless, the requested documents were never in fact made available to Christine. The only discovery Micah provided was a response to a request for disclosure. In this response, Micah identified seven potential fact witnesses and one potential expert witness.

On May 9, 2011, Micah and Christine appeared in the trial court, negotiated the terms of an agreed scheduling order, and presented their agreement to the trial court. The trial court approved the agreement, and signed an agreed scheduling order that: (1) set the case for trial on August 19, 2011; (2) required both parties to provide responses to pending discovery requests no later than May 31, 2011; and (3) set Micah's deposition for June 7, 2011.

On June 6, 2011, the trial court heard Micah's motion for protective order, in which he sought to prevent the taking of his deposition. Neither the motion for protective order, nor the reporter's record from this hearing are included in the appellate record. Nevertheless, the record indicates that the trial court denied the motion and told Micah's lawyer that both he and Micah were to appear for the deposition. Micah and his lawyer failed to appear.

On August 11, 2011, Christine filed a first amended motion to strike Micah's pleadings and to dismiss Micah's cause of action, in which she detailed Micah's failures to respond to her

discovery requests. Christine's motion also alleged Micah wholly failed to prosecute his suit. Christine asked the trial court to strike Micah's pleadings, to prohibit Micah from calling any witnesses at trial, to dismiss Micah's suit with prejudice, and to order Micah to pay all of her expenses, court costs, and attorney's fees in this matter.

On August 19, 2011, Micah and Christine appeared for trial. Before the trial began, Christine urged her first amended motion. Christine presented evidence regarding the discovery history of the case, including evidence that Micah failed to appear at his June 7, 2011, deposition, which was the second deposition scheduled for him in this case. Christine also presented evidence of the total amount of attorney's fees she had incurred in this case. In response, Micah opposed the imposition of sanctions for discovery abuse. In addition, Micah specifically objected to assessing any attorney's fees against him that were unrelated to his failures to respond to discovery. Finally, Micah urged the trial court to interview M.J.M. in chambers and to reach the merits of the case.

The trial court never interviewed M.J.M. in chambers, nor did it reach the merits of the case. Instead, the trial court found that Micah failed to respond to Christine's interrogatories, failed to respond to Christine's requests for production, and failed to appear at his deposition on June 7, 2011. The trial court then granted Christine's first amended motion, ordering that:

1. All of Petitioner J. Micah Morgan's pleadings in this case are stricken;

2. Petitioner J. Micah Morgan is prohibited from calling any witnesses, including himself, at any hearing or trial on the merits in this case;

3. Petitioner J. Micah Morgan is prohibited from introducing any documentary or other evidence at any hearing or trial on the merits in this case;

4. All of Petitioner J. Micah Morgan's causes of action in this case are dismissed with prejudice;

5. J. Micah Morgan's Petition to Modify the Parent-Child Relationship is denied in full;

6. Petitioner J. Micah Morgan is sanctioned and ordered to pay all expenses, court costs and attorney's fees borne by Respondent due to Petitioner's failure to respond to Respondent's discovery request and for failure to prosecute this matter in the amount of $17,500.00.

The record does not show the trial court tested or considered less stringent sanctions before rendering its judgment. This appeal ensued.[1]

## DEATH PENALTY SANCTIONS

In his first issue, Micah argues the trial court's order must be reversed because the trial court erred in assessing death penalty sanctions against him without considering less stringent sanctions.

### 1. Applicable Law

Sanctions for discovery abuse serve three legitimate purposes: (1) to secure compliance with the discovery rules; (2) to deter other litigants from similar misconduct; and (3) to punish violators. *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 849 (Tex. 1992). Notwithstanding these purposes, discovery sanctions must be "just." *Id.*; *Transamerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991). Whether discovery sanctions are just depends on two factors. *Chrysler Corp.*, 841 S.W.2d at 849; *Transamerican*, 811 S.W.2d at 917. First, a direct relationship must exist between the offensive conduct and the sanction imposed. *Chrysler Corp.*, 841 S.W.2d at 849; *Transamerican*, 811 S.W.2d at 917. Second, the sanction imposed must not be excessive. Stated another way, "the punishment should fit the crime." *Chrysler Corp.*, 841 S.W.2d at 849; *Transamerican*, 811 S.W.2d at 917. "A permissible sanction should … be no more severe than required to satisfy legitimate purposes." *Chrysler Corp.*, 841 S.W.2d at 849. "This means that a court must consider relatively less stringent sanctions first to determine whether lesser sanctions

---

[1]Although Christine's first amended motion also urged the trial court to dismiss Micah's suit for want of prosecution, the record shows the trial court dismissed Micah's suit as a sanction for discovery abuse.

will fully promote compliance, deterrence, and discourage further abuse." *Id*. Sanctions that prevent a decision on the merits of a case cannot be justified, absent a party's flagrant bad faith or counsel's callous disregard for the responsibilities of discovery under the rules. *Id.*; *Transamerican*, 811 S.W.2d at 918.

A "death penalty sanction" is any sanction that adjudicates a claim and precludes the presentation of the merits of the case. *Davenport v. Scheble*, 201 S.W.3d 188, 193 (Tex. App.—Dallas 2006, pet. denied). Rule 215.2(b)(5) of the Texas Rules of Civil Procedure expressly authorizes "death penalty" sanctions, including "an order striking out pleadings," an order "dismissing with or without prejudice the action or proceedings," or an order "rendering judgment by default against the disobedient party." TEX. R. CIV. P. 215.2(b)(5). Depending on the circumstances, an order excluding essential evidence may constitute a death penalty sanction. *See In re Bledsoe*, 41 S.W.3d 807, 813 (Tex. App.—Fort Worth 2001, orig. proceeding) (holding the exclusion of fact witnesses, exhibits, proposed jury instructions, definitions, and questions that would prevent party from presenting the merits of his affirmative defenses at trial was tantamount to striking the party's pleadings); *Revco, D.S., Inc. v. Cooper*, 873 S.W.2d 391, 396-97 (Tex. App.—El Paso 1994, no writ) (concluding the exclusion of expert testimony as a discovery sanction deprived the defendants of a meaningful trial on the merits and therefore required a death penalty sanction analysis).

Death penalty sanctions are limited by constitutional due process. *Transamerican*, 811 S.W.2d at 917. "[A] death penalty sanction cannot be used to adjudicate the merits of claims or defenses unless the offending party's conduct during discovery justifies a presumption that its claims or defenses lack merit." *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 184 (Tex. 2012). Before assessing death penalty sanctions, trial courts must first consider the availability of less stringent sanctions and whether such lesser sanctions would be adequate to

promote compliance, deterrence, and punishment of the offender. *Chrysler Corp.*, 841 S.W.2d at 849; *Transamerican*, 811 S.W.2d at 917. The record in such a case must show that the trial court considered the availability of less stringent sanctions, and in all but the most exceptional cases, that the trial court tested a less stringent sanction before striking a party's pleadings. *Cire v. Cummings*, 134 S.W.3d 835, 842 (Tex. 2004); *GTE Commc'n Sys. Corp. v. Tanner*, 856 S.W.2d 725, 730 (Tex. 1993). To show that the trial court has considered less stringent sanctions, "the record should contain some explanation of the appropriateness of the sanctions imposed." *Spohn Hosp. v. Mayer*, 104 S.W.3d 878, 883 (Tex. 2003).

### 2. Discussion

In this case, Micah argues the trial court's judgment must be reversed because "the record from the trial court does not evidence any consideration by the trial court of lesser sanctions prior to dismissing [a]ppellant's suit for modification." We agree with Micah's argument. The record fails to show the trial court either tested or considered less stringent sanctions before imposing death penalty sanctions.

First, the record fails to show the trial court tested less stringent sanctions. In other words, the record fails to show that the trial court attempted to obtain Micah's compliance with the discovery rules by imposing a less stringent sanction before imposing death penalty sanctions. The record contains no previous orders sanctioning Micah for discovery abuse. The agreed scheduling order does not qualify as an order imposing a less stringent sanction. The agreed scheduling order, which simply ordered both parties to comply with all outstanding discovery requests by May 31, 2011, imposed no discovery sanction. *See Chasewood Oaks Condos. Homeowners Assoc., Inc.*, 977 S.W.2d 840, 845 (Tex. App.—Fort Worth 1998, pet. denied) (concluding trial court tested lesser sanctions by threatening appellant with dismissal at least three times, issuing at least three

orders to comply with discovery, and staying all of appellant's discovery against appellee until the appellee's requests were fully met).

Second, the record fails to show the trial court considered less stringent sanctions before imposing death penalty sanctions. When the trial court granted Christine's motion, it failed to explain the appropriateness of imposing death penalty sanctions. *See Response Time, Inc. v. Sterling Commerce (N. Am.), Inc.*, 95 S.W.3d 656, 662-63 (Tex. App.—Dallas 2002, no pet.) (affirming judgment for death penalty sanctions when the record showed the trial court thoroughly analyzed and considered the imposition of lesser sanctions and explained why the imposition of lesser sanctions was not appropriate). We, therefore, must hold that the trial court erred in imposing death penalty sanctions without first testing or considering less stringent sanctions. *See Welex v. Broom*, 823 S.W.2d 704, 709 (Tex. App.—San Antonio 1992, writ denied) (reversing death penalty sanctions judgment when the trial court failed to test or consider less stringent sanctions).

In responding to Micah's argument on appeal, Christine does not assert that the trial court tested or considered less stringent sanctions. Instead, Christine asserts the trial court's judgment should be affirmed because Micah "wholly, intentionally, and blatantly" refused to participate in the discovery process. There is ample evidence in the record to support a finding that Micah's abuse of the discovery process was intentional and blatant. But even when a party engages in intentional and blatant discovery abuse, the trial court is still required, at a minimum, to consider less stringent sanctions on the record before imposing death penalty sanctions. *See Cire*, 134 S.W.3d at 842; *GTE Commc'n Sys. Corp.*, 856 S.W.2d at 730.

Christine further argues the sanctions imposed were authorized under Rule 193.6 of the Texas Rules of Civil Procedure. Rule 193.6(a) provides that "[a] party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a witness (other than a

named party) who was not timely identified" unless the trial court finds good cause for the delay or the absence of unfair prejudice to the requesting party. TEX. R. CIV. P. 193.6(a). Thus, Rule 193.6 operates to exclude "material or information that was not timely disclosed" and the testimony of witnesses, "other than a named party," who were "not timely identified." *See id*. The *Transamerican* death penalty sanction analysis does not apply to evidence that is excluded pursuant to rule 193.6. *White v. Perez*, No. 02-09-00251-CV, 2010 WL 87469, at \*2 (Tex. App.—Fort Worth 2010, pet. denied); *see Campos v. State Farm Gen. Ins. Co.*, 943 S.W.2d 52, 55 (Tex. App.—San Antonio 1997, writ denied) (concluding *Transamerican* death penalty sanction analysis was inapplicable when the trial court excluded expert testimony on attorney's fees because the expert was not timely disclosed under former Texas Rule of Civil Procedure 215(5)).

We conclude the sanctions imposed in this case are not the type of sanctions contemplated under rule 193.6. The trial court did not exclude specific material or information that was not timely disclosed; instead, it prohibited Micah from presenting any and all documentary or other evidence in support of his case. In addition, the trial court prohibited Micah from calling any and all witnesses—including himself—at trial, even though rule 193.6 expressly states that it does not apply to the testimony of named parties. Moreover, in responding to the request for disclosure, Micah identified multiple fact witnesses and an expert witness. The trial court prohibited Micah from calling these witnesses as well. Thus, the trial court's sanctions were clearly beyond the scope of rule 193.6. *See Bledsoe*, 41 S.W.3d at 813 (holding that an order excluding evidence was tantamount to striking the party's pleadings and therefore required a death penalty sanction analysis); *Revco*, 873 S.W.2d at 396-97 (holding that a death penalty sanction analysis was required when the exclusion of expert testimony as a discovery sanction deprived the defendants of a meaningful trial on the merits).

Because we must reverse the portions of the sanctions judgment striking Micah's pleadings, prohibiting Micah from presenting all evidence and witnesses, and denying and dismissing Micah's suit, we also reverse the portion of the sanctions judgment requiring Micah to pay all expenses, court costs, and attorney's fees borne by Christine in this matter. When the trial court ordered Micah to pay all expenses, court costs, and attorney's fees borne by Christine in this matter, it did so over Micah's objection. In addition, when the trial court imposed these monetary sanctions, it was under the impression that it was disposing of Micah's entire suit.

Again, we emphasize that the trial court did not err in its decision to sanction Micah for abusing the discovery process. Rather, the trial court erred in assessing death penalty sanctions without first testing or considering less stringent sanctions, and in assessing expenses, court costs, and attorney's fees beyond that which Christine incurred as a result of Micah's discovery abuses.

### FAIR AND IMPARTIAL TRIAL

In his second issue, Micah complains that the trial judge's conduct, particularly remarks made by the trial judge during the sanctions hearing, prevented him from receiving a fair and impartial hearing. A trial judge has broad discretion in conducting the proceedings before him. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 240-41 (Tex. 2001). In exercising this discretion, a trial judge has the authority to express himself. *Id*. Judicial remarks made during the course of a hearing that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. *Id*. at 240 (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Expressions of impatience, dissatisfaction, annoyance, and even anger do not establish bias or partiality. *Id*. A judge's ordinary efforts at courtroom administration—even if stern or short-tempered—usually do not establish bias or partiality. *Id*. Moreover, to preserve a complaint about judicial conduct for review, an objection to the conduct must be made in the trial court at the time the conduct occurs. *Id*. at 241; *see also* TEX. R. APP. P. 33.1(a).

In this case, Micah failed to raise his complaint in the trial court. Micah has therefore waived his complaint on appeal.

## CONCLUSION

We reverse the trial court's judgment and remand this cause to the trial court for proceedings consistent with this opinion.

Karen Angelini, Justice