

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00644-CV

**IN RE FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY**

Original Mandamus Proceeding[1]

Opinion by:     Karen Angelini, Justice

Sitting:        Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  December 20, 2013

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED IN PART

On September 23, 2013, relator Texas Farmers County Mutual Insurance Company filed this petition for writ of mandamus complaining of three orders signed by three different judges in the underlying suit for personal injury and underinsured motorist coverage — one order was signed September 11, 2013, granting a presumptive spoliation jury instruction; one was signed September 13, 2013, excluding a defense expert's opinions and testimony; and one was signed September 20, 2013, striking relator's affirmative defenses. Because we conclude the trial court abused its discretion in striking relator's affirmative defenses for alleged discovery abuse in this instance, we conditionally grant the petition for writ of mandamus in part and deny it in part.

---

[1] This proceeding arises out of Cause No. 2011CI08428, styled *Kamran Hajivandi, As Next Friend to Borna Hajivandi v. John Jajou and Luke D. Jajou*, pending in the 285th Judicial District Court, Bexar County, Texas, the Honorable John Gabriel, Gloria Saldaña and Peter A. Sakai presiding.

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying lawsuit arises out of a vehicle-bicycle collision which occurred on April 7, 2011. Luke Jajou was driving a vehicle owned by his father, John Jajou, when he collided with a bicycle ridden by 11-year-old Borna Hajivandi. Hajivandi, through his father as next friend, filed suit against the Jajous in May 2011 to recover for Borna's injuries, asserting claims for negligence, negligence per se and negligent entrustment. On May 5, 2011, prior to the lawsuit being filed, Luke Jajou provided a recorded statement to his liability insurance carrier as part of its investigation of the accident.

Jajou was served with the original petition, which included requests for disclosure pursuant to the Texas Rules of Civil Procedure on May 25, 2011. *See* TEX. R. CIV. P. 192.3. Allstate, Jajou's liability insurance carrier, defended Jajou in the litigation. Jajou provided his initial responses to the requests for disclosure in July 2011. With respect to the request for any witness statements, Jajou responded that he "[would] supplement if any statements were taken." Approximately three weeks later, Hajivandi settled with the Jajous and Allstate for $30,000.00, the available policy limits. Due to the settlement agreement with Hajivandi, the Jajous never provided any supplemental responses to the requests for disclosure.

Hajivandi then filed a second amended petition in September 2011 which for the first time asserted claims against Farmers, his own insurance carrier, for breach of contract, late payment of claim and unfair settlement practices.[1] Hajivandi asserted that the Jajous' liability insurance policy through Allstate was insufficient to cover all of Hajivandi's asserted damages, and therefore, Farmers was obligated to provide benefits under the uninsured/underinsured motorist policy issued to Hajivandi which was in effect at the time of the accident. Farmers provided responses to requests

---

[1] The extra-contractual claims were severed from the breach of contract claim for underinsured motorist coverage and abated. Those claims are not at issue in this mandamus proceeding.

for disclosure in April 2012. With respect to the request for witness statements as described in Rule 192.3(h), Farmers responded that it had none.

In April 2013, Farmers provided Hajivandi with notice of its intent to take the deposition of Allstate on written questions. The notice included a request for Allstate's claim file regarding the April 2011 accident between Jajou and Hajivandi. The deposition was taken on May 15, 2013, and Allstate provided documents in response to the accompanying subpoena duces tecum, but did not provide any recorded statement of Luke Jajou. Farmers' counsel pursued the inquiry further and, on August 20, 2013, learned for the first time that a recorded statement of Luke Jajou had been taken by Allstate in May 2011 which had not been previously produced. Farmers received an audiotape recording of Jajou's statement on August 22. Hajivandi's counsel was notified of the audiotape and requested that the statement be put in a more usable format. The recorded statement was provided to Hajivandi's counsel, in the format requested, on August 30, 2013 — ten days after Farmers first learned of its existence and approximately three weeks before the case was set for trial.

On August 20, 2013, Hajivandi filed a motion requesting a finding of spoliation of evidence. Hajivandi asserted that Jajou had deliberately destroyed relevant evidence by failing to preserve the cell phone he had with him at the time of the accident. The trial court granted the motion by written order on September 11, 2013, ordering that at trial a presumptive spoliation jury instruction would be included in the court's charge, the specifics of which were to be determined by the trial court presiding on the merits.

Hajivandi filed a motion to exclude the testimony of a defense expert on August 23, 2013, on the basis that the expert's opinions, as expressed in the report provided with his designation, were conclusory and failed to comply with the reliability requirements of Rule 702 of the Texas

Rules of Evidence. The trial court granted the motion by written order signed September 13, 2013, excluding the report and opinions of the expert from admission at trial.

Hajivandi filed a motion for sanctions and order to show cause on September 11, 2013. Hajivandi requested that Farmers' affirmative defenses be stricken because of the alleged discovery abuse in the late production of Jajou's recorded statement. The motion was heard and granted on September 20, 2013. The trial court struck Farmers' affirmative defenses of contributory negligence, sudden emergency and unavoidable accident and ordered that no affirmative defenses could be argued, asserted or included in the court's charge to the jury at trial. This petition for writ of mandamus followed.

## ANALYSIS

Mandamus is an extraordinary remedy, only available where the party seeking mandamus relief has established both a clear abuse of discretion by the trial court and the lack of an adequate appellate remedy. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

In its first two issues, Farmers complains of the trial court's orders granting the presumptive spoliation jury instruction and striking the opinions and testimony of a defense expert. The spoliation instruction was granted as a sanction based on alleged discovery abuse by Jajou in failing to preserve the phone he had with him at the time of the accident. Generally, orders imposing discovery sanctions are reviewable on appeal from the final judgment. TEX. R. CIV. P. 215.3; *see also Shupe v. Lingafeller*, 192 S.W.3d 577, 579 (Tex. 2006) (review of decision to submit or refuse a particular instruction on appeal is under abuse of discretion standard); *Wal-Mart Stores, Inc. v. Johnson*, 106 S.W.3d 718, 724 (Tex. 2003) (spoliation jury instruction imposed as discovery sanction reviewed on appeal).

In the second order, the trial court excluded the testimony of a defense expert, not as a discovery sanction, but based on the trial court's determination that the expert's report did not

meet the reliability requirements of Rule 702. *See* TEX. R. EVID. 702. Again, such determinations are generally reviewed on appeal from a final judgment. *See Cooper Tire & Rubber Co. v. Mendez*, 204 S.W.3d 797, 800 (Tex. 2006) (trial court's determination that expert testimony does or does not meet reliability requirements is reviewed on appeal for abuse of discretion). Relator has not established that remedy by appeal is inadequate to review these two orders. Because we conclude that Farmers has an adequate remedy by appeal with respect to these two orders, mandamus review is not available. *Walker*, 827 S.W.2d at 844. This court does not reach, and consequently expresses no opinion as to the correctness of the orders, but only concludes that Farmers has an adequate appellate remedy to address any alleged abuse of the trial court's discretion.

In its third issue, Farmers complains of the trial court's order striking all of its affirmative defenses based on the late production of Jajou's recorded statement. Where a trial court imposes discovery sanctions which have the effect of preventing the presentation of the merits of a party's claims or defenses, the party's remedy by eventual appeal is inadequate. *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 920 (Tex. 1991).

Under the insurance code and the underinsured motorist policy in effect at the time of the accident, Farmers is obligated to pay bodily injury and property damages its insured is legally entitled to recover from the underinsured motorist. *See* TEX. INS. CODE ANN. §1952.101 (West 2009). While it is true that the UIM carrier stands in the shoes of the underinsured motorist, "obtaining only those rights held by the insured against a third party, subject to any defenses held by the third party against the insured," we are unable to conclude that this justifies the death penalty sanctions imposed upon Farmers in this instance. *Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co.*, 236 S.W.3d 765, 774 (Tex. 2007). Even if we assume for the sake of argument that post-accident discovery abuse by the tortfeasor could, under some circumstances, provide the basis for sanctions

to be imposed upon the UIM carrier after the tortfeasor has settled and been released from the suit, we do not believe those circumstances exist here.

The Texas Supreme Court has held that the imposition of sanctions for discovery abuse under Rule 215 requires that the sanctions be "just." *TransAmerican*, 811 S.W.2d at 917. There are two components to determining whether an imposition of sanctions is just: (1) there must be a direct relationship between the offensive conduct and the sanction imposed; and (2) the sanctions must not be excessive. *Id*. A trial court must consider the availability of less stringent sanctions and whether lesser sanctions would promote the objective of compliance before imposing more severe sanctions.

> Discovery sanctions cannot be used to adjudicate the merits of a party's claims or defenses unless a party's hindrance of the discovery process justifies a presumption that its claims or defenses lack merit. However, if a party refuses to produce material evidence, despite the imposition of lesser sanctions, the court may presume that an asserted claim or defense lacks merit and dispose of it. . . . Sanctions which are so severe as to preclude the presentation of the merits of the case should not be assessed absent a party's flagrant bad faith or counsel's callous disregard for the responsibilities of discovery under the rules.

*TransAmerican*, 811 S.W.2d at 918 (internal citations omitted).

In this case, no party refused to produce material evidence in the face of lesser sanctions. The recorded statement was provided to opposing counsel approximately three weeks before trial. While it was produced after the close of discovery, it is available for the parties' use at trial. Farmers, which had no prior relationship with Jajou and no involvement in the lawsuit prior to Jajou's settlement agreement, produced the statement promptly upon being made aware of its existence. The trial court had not previously imposed any lesser sanctions in an effort to gain the compliance of a party who had refused or objected to producing the statement. The record does not demonstrate that Hajivandi was unable to prepare for trial as a result of the late production, nor did Hajivandi request a continuance to allow him to do so. *See Cire v. Cummings*, 134 S.W.3d

835, 840 (Tex. 2004). We conclude, therefore, that the record does not reflect any conduct of a party that justifies a presumption that Farmers' claims or defenses lack merit. There is no information that is unavailable to the parties or the jury as a result of Farmers', or even Jajou's, alleged discovery abuse. Death penalty sanctions may only be imposed in "exceptional cases" where they are "clearly justified" and it is "fully apparent that no lesser sanctions would promote compliance with the rules." *GTE Communications Sys. Corp. v. Tanner*, 856 S.W.2d 725, 729-30 (Tex. 1993). We do not agree that the conduct complained of in this instance, the late production of the recorded statement, is the type of egregious conduct or exceptional case which clearly justifies death penalty sanctions. Nor do we find that the trial court adequately considered the appropriateness of lesser sanctions to promote compliance before imposing the death penalty sanctions in this instance. Even where the record reflects intentional and blatant discovery abuse, which we do not find here, the trial court is still required to consider lesser sanctions before imposing sanctions which preclude a party's ability to present the merits of its claims to the jury. *See In re M.J.M.*, 406 S.W.3d 292, 298 (Tex. App.—San Antonio 2013, no pet.) ; *see also In re Harvest Communities of Houston, Inc.*, 88 S.W.3d 343, 349 (Tex. App.—San Antonio 2002, orig. proceeding) (conditionally granting mandamus relief where trial court failed to adequately consider lesser sanctions before imposing death penalty sanctions for discovery abuse).

## CONCLUSION

We conclude the trial court abused its discretion in granting death penalty sanctions based on the late disclosure of the witness's recorded statement in this instance. We further conclude that Farmers' eventual remedy by appeal is inadequate to obtain review of the order granting death penalty sanctions. *TransAmerican*, 811 S.W.2d at 919. We therefore conditionally grant mandamus relief with respect to the September 20, 2013, order striking relator's affirmative

defenses and direct the trial court to withdraw that order. The writ will issue only if we are advised that the trial court has failed to comply.


Karen Angelini, Justice