In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-22-00068-CV

IN RE WESTIN HOMES OF TEXAS, LTD.
AND WESTIN HOMES AND PROPERTIES L.P.

_____

**Original Proceeding**
**457th District Court of Montgomery County, Texas**
**Trial Cause No. 20-05-05983-CV**
_____

## MEMORANDUM OPINION

The trial court granted a motion for sanctions against Relators, Westin Homes of Texas, Ltd. ("Westin LTD") and Westin Homes and Properties L.P. ("Westin L.P.") and signed an order striking "with prejudice" all of Relators' legal defenses and prohibiting Relators from presenting any legal defenses at trial, prohibiting Relators from contesting Plaintiffs' damage model or presenting an alternative measure of damages, excluding all of Relators' experts, and excluding the testimony of all but two of Relators' witnesses. The trial court's order included a finding that Relators are one and the same "based on the judicial admissions found in their pleadings, discovery responses, and filings with the Court." Relators argue the trial

court abused its discretion by entering death penalty sanctions against Relators for which Relators have no adequate appellate remedy. In response to the Real Parties in Interest, Daniel Barnett and Christina Barnett (collectively "Barnett"), argue the trial court merely imposed the automatic sanctions required by Texas Rule of Civil Procedure 193.6 and simply acknowledged Relators' judicial admission that they were one and the same, but that Realtors deserved death penalty sanctions anyway for their flagrant and intentional discovery abuse. We conditionally grant mandamus relief.

In March 2018 Barnett purchased a newly constructed home from Westin L.P. In May 2020, Barnett sued Westin LTD and Air Innovations LLC. Barnett's alleged claims included deceptive trade practices, breach of contract and breach of warranty, fraud, negligence and intentional infliction of emotional distress. They alleged they gradually discovered numerous concealed defects in the house. Westin LTD filed its original answer, a general denial and request for disclosures on June 22, 2020.

In its August 2020 responses to Barnett's discovery requests, Westin LTD objected to each request on the ground the contract mandates arbitration. Barnett filed a motion to void the arbitration clause, arguing in part that the clause requiring arbitration excluded properties purchased with VA financing and therefore was unenforceable against Barnett. The motion also sought to compel discovery. On September 6, 2020, the trial court denied Barnett's motion to void the arbitration

clause, denied Barnett's motion to compel, and granted Westin LTD's motion to abate pending arbitration. Two days later, the trial court filed a docket control order setting a May 3, 2021 trial date and establishing deadlines for discovery and for expert designations calculated from that trial date.

Barnett moved for reconsideration of the abatement order. On December 10, 2020, Westin LTD notified the trial court that it waived arbitration. On the same day, Westin LTD filed an amended answer raising several affirmative defenses and requesting attorney's fees under the contract.

On December 23, 2020, the trial court issued a new docket control order establishing a September 7, 2021 trial date and providing deadlines for discovery and for expert designations calculated from that trial date. Barnett responded to requests for disclosures on March 11, 2021. They filed an amended response a few weeks later. They designated their expert witnesses and requested a Rule 193.6 exception for their late response on April 26, 2021. Barnett filed a third response to requests for disclosures on June 9, 2021.

Westin LTD filed its designation of experts on June 10, 2021. Westin designated its lawyers on attorney fees, Charles Porter Jr. as a rebuttal expert on property valuation and damages, Travis D. Wells on construction, remediation and HVAC work, Alan Doyle Sr. on construction and repairs, and Marion Armstrong on mold issues. Barnett filed an objection to Westin LTD's expert designations. Barnett

complained Westin LTD failed to provide any reports or disclose its experts' opinions until the day after their agreed deadline to designate experts. Barnett complained that Westin LTD did not respond to requests for disclosure contained in Barnett's amended petition and in Air Innovations' pleadings.

On the same day, Barnett filed a motion for partial summary judgment against Westin LTD on its liability on Barnett's claims for deceptive trade practices and the cost of remediation. They argued their right to judgment was established as a matter of law by the uncontroverted evidence and testimony attached to the motion, including Daniel Barnett's and Christina Barnett's declarations, warranty repair requests, and photographs of the property.

Barnett also filed a motion for sanctions against Westin LTD. Barnett argued that the discovery period passed without Westin LTD disclosing or producing any legal defense, testimony, or expert testimony that controvert Barnett's claims or damages. In response, Westin LTD claimed it produced documents five days late due to a calendaring error by counsel, but that it produced documents before Barnett moved for sanctions, and it was waiting to supplement its written answers until the discovery dispute could be resolved. Westin LTD maintained that it had served disclosure responses on June 14, 2021. Westin LTD argued a Rule 193.6 ruling would be premature because it had not yet offered any evidence at trial.

4

Westin LTD moved for a continuance and requested a new docket control order with an additional 4-month discovery period. Westin LTD argued a new docket control order was justified because the parties only recently scheduled the property inspection so the experts could prepare their reports and plaintiffs' counsel wanted the inspection to occur before Westin LTD deposed Barnett.

Westin LTD responded to Barnett's motion to strike Westin LTD's experts. Westin LTD argued the designation it filed on June 10, 2021, complied with the docket control order to include each expert's name, address, telephone number, the subject of the testimony and the opinions that will be offered by each expert. Westin LTD claimed it had served disclosure responses.

On July 9, 2021, Westin LTD filed a response to Barnett's motion for partial summary judgment and requested an extension of time on the submission of Barnett's motion for summary judgment. In the motion, Westin LTD explained "Plaintiffs have sued the wrong entity." According to Westin LTD, "Plaintiffs purchased the subject property from a different legal entity who is not named or a party to this suit. Defendant Westin is not a party to the contract made the basis of this lawsuit and did not sell the Property to Plaintiffs[.]" Westin LTD asked the trial court to continue the summary judgment hearing and abate the lawsuit until the defect could be cured.

In the summary judgment response, Westin LTD objected to Barnett's expert witness evidence on the ground that Barnett's expert evidence was subject to a pending motion to strike. Westin LTD also argued that the purchase agreement between Westin L.P. and Barnett excluded damages caused by mold from the warranty and waived their right to recover for mold damage. Westin LTD argued in part that Barnett based the deceptive practices claim on a theory that Westin LTD failed to follow the Texas Occupation Code provisions relating to mold assessors or remediators that were inapplicable to Westin LTD and that the purchase contract disclaimed mold damage.

Barnett objected to Westin LTD's summary judgment evidence, which Barnett argued was unauthenticated and had not been produced in discovery. Barnett argued Westin LTD had not demonstrated diligence in conducting discovery. Barnett objected to Westin LTD's defense of incorrect party because it had not been pleaded and was supported only by uncontroverted affidavits.

On July 16, 2021, the trial court denied Barnett's motion for sanctions "at this time" and denied Barnett's objection to Westin LTD's expert witnesses "at this time." On July 30, 2021, the trial court denied Barnett's motion for partial summary judgment and granted Westin LTD's motion for continuance. On August 4, 2021, the trial court signed a new docket control order with a trial date of March 21, 2022, with discovery deadlines calculated from that date.

On September 29, 2021, Barnett filed an amended petition that added Westin L.P. as a defendant. Westin LTD amended its original answer to add a verified denial that Westin L.P. received the required DTPA notice prior to being sued. On October 22, 2021, Westin L.P. filed its original answer. Westin L.P. denied that it received proper DTPA and RCLA notices and denied that Westin LTD executed the purchase agreement.

Barnett filed a motion for sanctions against Westin LTD and Westin L.P. for continued discovery abuse. In the motion for sanctions, Barnett complained that discovery had closed on June 9, 2021 under a previous docket control order, the trial court denied Barnett's first motion for sanctions, and months later "Defendants" continue to withhold material disclosures and discovery, including the identification of responsible third parties. Barnett noted that although discovery would not close for several more weeks under the current docket control order, "Defendants' untimely disclosures will cause further delay." Barnett claimed that Westin LTD made fraudulent disclosures, intentionally holding itself out as one and the same as Westin L.P. and raising misidentification at the last moment so it could avoid summary judgment in favor of Barnett. Although Westin L.P. was a defendant in the case when Barnett filed the motion for sanctions, Barnett argued Westin LTD's failure to designate Westin L.P. as a responsible third party justified an order

excluding any of the defendants from adding any responsible third parties to the case.

In the motion for sanctions, Barnett claimed that in a deposition conducted November 18, 2021, Westin employee Antonio Rodriguez identified multiple undisclosed responsible third parties, material fact witnesses, and evidence withheld in discovery. According to Barnett, the potential responsible third parties include a roofing company that performed warranty work on the property, an unknown original roofer, a person named Chris who performed warranty repairs, a tile company named Floors, Inc., and an unknown contractor who built or repaired subfloors. Material evidence allegedly withheld from Barnett included a list of all contractors who performed work on the property, internal communications and notes related to the property, invoices and other communications with contractors, and communications with Barnett. Barnett argued exclusion was an appropriate sanction because Barnett's previous motion for sanctions put the defendants on notice.

Barnett's motion for sanctions also asked the trial court to exclude the defendants' expert witnesses. Barnett contended that besides their counsel, the defendants identified three retained experts but failed to identify the general substance of the experts' mental impressions and opinions, the documents they reviewed, and any reports they prepared. Barnett also asked the trial court to deny the defendants the opportunity to call any witnesses other than the two witnesses

8

Barnett had deposed because the defendants delayed from March 5, 2021, to October 27, 2021, before they provided deposition dates for six persons under the defendants' control, and Barnett did not have time to depose the four remaining witnesses in the remaining two-week discovery period. After Barnett filed the motion for sanctions and before the end of the discovery period, Relators jointly filed a response to Barnett's requests for disclosures. This was an amended response by Westin LTD, but it appears to have been the initial response by Westin L.P.

Relators responded to Barnett's motion for sanctions. They argued Barnett sought to exclude disclosures and discovery responses that had been reasonably timely disclosed under the current docket control order. They claimed Westin LTD timely disclosed that it was not a proper party and that no exclusions could apply to Westin L.P. because Barnett never served Westin L.P. with any discovery requests.

The trial court granted Barnett's sanctions motion on January 17, 2022. The trial court found Westin LTD can be considered one and the same as Westin L.P. based on judicial admissions in their pleadings, discovery responses, and court filings. The trial court found Relators failed their obligation to make proper disclosures to Barnett related to potential responsible parties, their legal defenses, the amount and any method of calculating economic damages or their basis for contesting Barnett's damage calculations, information related to potential witnesses with knowledge of relevant facts, and expert witnesses they intend to call at trial.

The court found their failure to disclose was intentional as Barnett's previous sanctions motion and objection to expert designation notified them of the discovery abuse. The trial court found the discovery abuse hindered Barnett's investigation. The trial court found Relators lacked good cause for their failure to make, amend, or supplement their discovery responses and the failure caused Barnett undue surprise and prejudice. The trial court found the relief granted in the sanctions order is directly related to the offensive conduct and is not excessive because information that is not timely disclosed and witnesses that are not timely identified are automatically excluded under Texas Rule of Civil Procedure 193.6(a).

The trial court: (1) struck and dismissed with prejudice all of Relators' legal defenses and prohibited them from presenting any legal defenses at trial or from filing additional claims for affirmative relief or defensive matters; (2) struck and dismissed with prejudice all alternative measures of damages or contests to Barnett's damage model or from presenting an alternative damage model at trial; (3) excluded them from presenting the testimony of Charles Porter as an expert or for any other purpose; (4) excluded them from presenting the testimony or production of Marion Armstrong, as it is irrelevant due to the exclusion Relators' legal defenses and damage models; (5) excluded them from presenting the testimony or production of Travis Wells as his testimony is irrelevant; (6) excluded Relators from presenting or producing any expert due to their failure to disclose; and (7) excluded Relators from

10

presenting the testimony or producing any witness expert for Antonio Rodriguez and Matthew Rizvan.

Mandamus relief is available if the relator shows both that the trial court abused its discretion, and that appeal would provide an inadequate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). A relator may establish its right to mandamus relief in the context of a sanctions order for discovery abuse by showing that the trial court acted without reference to guiding rules or principles or in an arbitrary or unreasonable manner, and that the trial court either completely vitiated or severely compromised that relator's ability to present a viable claim or defense at trial. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding).

Before the discovery period closed, the trial court found that Relators failed to make proper disclosures to Barnett related to potential responsible parties and potential third-party defendants, their legal defenses, the amount and method of calculating economic damages or their basis for contesting Barnett's damage calculations, information related to potential witnesses with knowledge of relevant facts, and the expert witnesses they intend to call at trial. The trial court found that striking all of Relators' defenses, including their contest to Barnett's damage model, and excluding all witnesses (other than the two witnesses that had previously been

deposed) was appropriate because Rule 193.6 calls for the automatic exclusion of material that was not timely disclosed.

An order that strikes a party's pleadings and prohibits the party from introducing witnesses exceeds the scope of Rule 193.6, which applies only to specific material or information that was not timely disclosed. *See In re M.J.M.*, 406 S.W.3d 292, 299 (Tex. App.—San Antonio 2013, no pet.). Here, the trial court's order of January 17, 2022 clearly excludes material, information, and witnesses that were timely disclosed to Barnett under the August 4, 2021 docket control order. Assuming for the sake of argument that Relators failed to timely disclose specific evidence that is not identified in the trial court's order, the trial court abused its discretion by failing to consider lesser sanctions before striking all their defenses and prohibiting them from contesting Barnett's damage model. *See TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 918 (Tex.1991) (orig. proceeding).

The trial court also abused its discretion by ruling that Relators judicially admitted that they are one and the same. Barnett identifies eight instances where Westin LTD made a judicial admission that it is one and the same as Westin L.P., the named seller on the purchase contract: (1) by responding to Barnett's pre-suit DTPA demand; (2) in its responses to Barnett's First Requests for Admission, all of which were denied, and in its responses to Barnett's First Requests for Production, in which it invoked the contract's arbitration clause; (3) in its Response to Plaintiffs'

12

Motion to Void Arbitration Clause, where Westin LTD referred to the suit as relating to issues arising from Barnett's purchase of an inventory home from "Defendant Westin"; (4) in the letter to the trial court waiving arbitration, where it said the lawsuit stems from Barnett's purchase of a home from "Westin"; (5) in its June 14, 2021 initial disclosures, where Westin LTD stated, "To the best of Defendant's knowledge, the Parties are correctly named in the style of the suit."; (6) in its June 25, 2021 Joint Motion for Continuance and Request for Entry of New Docket Control Order, where Westin LTD mentioned that it initially sought to handle the matter through the arbitration clause contained in the contract; (7) in its July 8, 2021 Response to Plaintiffs' Objection to Defendants' Expert Witnesses, where it mentioned that Westin LTD had designated an expert witness to testify on recovery of attorney's fees; and (8) in its Response to Plaintiffs' Amended Motion for Sanctions, where Westin LTD stated that it wanted to mediate the dispute and attached a copy of the June 14, 2021 Responses to Requests for Disclosures.

Barnett argues to this Court that Westin LTD's pleadings and discovery responses were irrefutably judicial admissions under the standard created by the Fourteenth Court of Appeals:

> A judicial admission results when a party makes a statement of fact which conclusively disproves a right of recovery or defense he currently asserts. A judicial admission must be (1) made in the course of a judicial proceeding; (2) contrary to an essential fact for the party's recovery [or defense]; (3) deliberate, clear and unequivocal; (4) related to a fact upon which judgment for the opposing party could be based;

13

and (5) enforcing the admission would be consistent with public policy. Counsel's statements on behalf of his client will be deemed judicial admissions only if they satisfy the five criteria listed above.

*Seminole Pipeline Company v. Broad Leaf Partners, Inc.*, 979 S.W.2d 730, 740 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (citations omitted).

In *Seminole Pipeline*, a question was submitted to the jury on the negligence of three defendants: Seminole Pipeline Company, MAPCO, Incorporated, and Mid-America Pipeline. *Id*. at 734. In their appeal from the judgment on the jury's verdict, Seminole Pipeline Company and Mid-America Pipeline did not challenge the jury's finding that the negligence of all three companies proximately caused the explosion in an underground salt-dome storage facility, but MAPCO claimed on appeal that the evidence that MAPCO was negligent was legally and factually insufficient because MAPCO neither owned nor controlled the cavern. *Id*. at 738. The three defendant companies were closely tied to one another but that alone was insufficient to demonstrate that MAPCO controlled cavern operations. *Id*. at 739. The appellees relied on statements the defendant companies' joint counsel made during jury selection and in closing arguments that "we" accept their mistakes and are ready to pay for damage "we" caused as judicial admissions regarding the cause of the explosion. *Id*. at 739-40. Noting that the defendant companies were attempting to blend the doctrines of *alter ego* and *res ipsa loquitur*, the Fourteenth Court of

Appeals held counsel's statements were equivocal at best and failed to rise to the level of a judicial admission of MAPCO's liability. *Id*. at 738, 740.

None of the items Barnett claims are judicial admissions are unequivocal statements that Relators are the same entity. For one, the statements Barnett relies on pre-date Westin L.P.'s initial pleading, which asserted that Westin L.P. and Westin LTD are not the same, and Westin LTD's live pleading, which controverted any factual assertion that it is Westin L.P. Factual allegations are not conclusive if they are contained in a superseded pleading or response. *See Sosa v. Central Power & Light*, 909 S.W.2d 893, 895 (Tex. 1995). We conclude the trial court abused its discretion by deeming Westin LTD and Westin L.P. to be one and the same based solely upon the statements that appear in the mandamus record.

Appeal is realistically an inadequate remedy where sanctions effectively adjudicate all or a substantial part of the dispute. *See Garza*, 544 S.W.3d at 840. We conclude that Relators have shown that they lack an adequate remedy by appeal. We lift our stay order and conditionally grant mandamus relief. We are confident that the trial court will vacate its order of January 17, 2022. A writ of mandamus will issue only in the event the trial court fails to comply.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on March 28, 2022
Opinion Delivered June 9, 2022

Before Golemon, C.J., Kreger and Johnson, JJ.

15