

In The
# Court of Appeals
## Seventh District of Texas at Amarillo

No. 07-25-00199-CV

TERRI BLEVINS, APPELLANT

V.

BEVERLY BROWN, APPELLEE

On Appeal from the County Court at Law No. 1
Potter County, Texas
Trial Court No. 112601-1-CV, Honorable Walton Weaver, Presiding

March 19, 2026

## MEMORANDUM OPINION

### Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appearing pro se, appellant Terri Blevins appeals the trial court's order dismissing his suit against Beverly Brown, appellee. We affirm.

### BACKGROUND

Both Blevins and Brown were employed as customer service agents by Southwest Airlines. On December 20, 2024, Blevins filed a lawsuit setting forth two causes of action, slander and tortious interference with employment, against Brown. In his petition, Blevins

asserted that he was questioned by his employer about three alleged conversations, including one "regarding a photograph of Miley Cyrus shown to a coworker, Defendant Beverly Brown, where [Blevins] expressed personal opinions about Cyrus's public behavior."[1] Blevins alleged that after being questioned, he was placed on administrative leave pending an investigation. One week later, he was terminated.

Blevins claimed that Brown "maliciously made false and defamatory statements about [Blevins] with the intent to get [Blevins] terminated from employment. [Brown's] sexual harassment allegations were published to others . . . ." Blevins did not identify the alleged defamatory statements that Brown made.

Brown timely filed an answer and general denial. On February 24, 2025, she filed a motion to dismiss pursuant to Texas Rule of Civil Procedure 91a, asserting that Blevins's claims had no basis in law or in fact. Blevins filed a response and objection to the motion, attaching evidence, on March 3. Brown's motion was set for hearing on March 27, 2025. That same day, Blevins filed an amended petition claiming defamation per se and setting forth additional details in the factual background. At the hearing, the trial court considered only the original petition when evaluating the merits of Brown's motion. The trial court entered an order granting Brown's motion to dismiss.

Blevins filed a motion for new trial, which was denied. This appeal followed.

---

[1] In his descriptions of the other two conversations, Blevins did not allege any involvement by Brown.

2

Issue 1: Failure to Consider Amended Pleading

In his first issue, Blevins asserts that the trial court erred by refusing to consider his first amended petition when ruling on Brown's Rule 91a motion to dismiss. Blevins notes that the amended pleading was on file before the hearing and included clarifying facts and exhibits. Blevins relies on the general rule that an amended pleading supersedes earlier pleadings under Texas Rule of Civil Procedure 65. However, Texas Rule of Civil Procedure 91a.5 specifically governs the timing of an amended pleading in response to a Rule 91a motion to dismiss and therefore controls over Rule 65. The principles of statutory construction apply to the rules of civil procedure, and it is a well-settled principle of statutory construction that a specific statute controls over a general statute. *See* TEX. GOV'T CODE § 311.026.

Rule 91a.5 prohibits a trial court from considering an amendment not filed as required by the Rule:

> (b) If the respondent amends the challenged cause of action at least 3 days before the date of the hearing, the movant may, before the date of the hearing, file a withdrawal of the motion or an amended motion directed to the amended cause of action.

> (c) Except by agreement of the parties, the court must rule on a motion unless it has been withdrawn or the cause of action has been nonsuited in accordance with (a) or (b). In ruling on the motion, the court must not consider a nonsuit or amendment not filed as permitted by paragraphs (a) or (b).

TEX. R. CIV. P. 91a.5.

Brown filed her Rule 91a motion to dismiss on February 24, 2025. It was set for hearing on March 27. Blevins, the respondent, filed his first amended original petition on March 27, the same day the Rule 91a motion was set for hearing. Because Blevins did not amend his petition three days prior to the date of the hearing, the trial court was obligated to rule on the Rule 91a motion without considering the amended pleading. Thus, the trial court did not err by refusing to consider Blevins's first amended original petition. *See City of Houston v. State Farm Mut. Auto. Ins.*, 712 S.W.3d 707, 717 (Tex. App.—Houston [14th Dist.] 2025, no pet.) (where nonmovant amended petition two days before submission, trial court required to rule on Rule 91a motion without considering untimely amendment); *Wells v. Sumruld*, No. 11-23-00281-CV, 2025 Tex. App. LEXIS 1503, at *5–6 (Tex. App.—Eastland Mar. 6, 2025, no pet.) (mem. op.) (trial court must rule on 91a motion to dismiss if nonmovant does not nonsuit or amend challenged causes of action at least three days before hearing); *Odam v. Texans Credit Union*, No. 05-16-00077-CV, 2017 Tex. App. LEXIS 8189, at *12 (Tex. App.—Dallas Aug. 24, 2017, no pet.) (mem. op.) (no error when trial court did not consider untimely filed amended pleading).

We overrule Blevins's first issue.

Issue 2: Dismissal under Rule 91a

Next, Blevins argues that the trial court misapplied Rule 91a because his allegations, taken as true, stated viable claims for defamation and tortious interference. Rule 91a provides a procedure for dismissal of a case that has no basis in law or no basis in fact. TEX. R. CIV. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the

4

claimant to the relief sought." *Id.* "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id*. We review de novo whether a cause of action has any basis in law or fact. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam).

Blevins sued Brown for slander and tortious interference with employment. He was required to plead facts that, along with reasonable inferences, could support all of the elements of both causes of action. *Id*.

To state a claim for slander, Blevins was required to show (1) a defamatory statement, (2) communicated or published to a third person, (3) without legal excuse. *Campbell v. Salazar*, 960 S.W.2d 719, 725–26 (Tex. App.—El Paso 1997, pet. denied). A defamatory statement is one that tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating with him. *Innovative Block of S. Tex., Ltd. v. Valley Builders Supply, Inc.*, 603 S.W.3d 409, 417 (Tex. 2020); *see also Hancock v. Variyam*, 400 S.W.3d 59, 63 (Tex. 2013) (defining defamation "as the invasion of a person's interest in her reputation and good name"). Blevins did not specify in his petition what defamatory statement was the basis of his claim for slander. Instead, he simply recited that Brown "made false, defamatory, and misleading statements, alleging misconduct" by Blevins. This is a conclusory statement unsupported by factual allegations. As other courts have explained, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014, pet. denied) (cleaned up, quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)); *see also Kinder Morgan SACROC, LP v. Scurry Cnty.*,

5

622 S.W.3d 835, 850 (Tex. 2021) ("The pleading of a legal theory, without more, does not provide notice of the facts that could be pleaded to support that theory.").

"Our notice-pleading rules require pleadings to not only give notice of the claim and the relief sought but also of the essential factual allegations." *Kinder Morgan*, 622 S.W.3d at 849 (internal quotation marks omitted). "As we have explained many times, a 'cause of action' means the 'fact or facts entitling one to institute and maintain an action, which must be alleged and proved in order to obtain relief." *In re First Rsrv. Mgmt., L.P.*, 671 S.W.3d 653, 662 (Tex. 2023) (citation omitted). Therefore, to survive a Rule 91a motion, a plaintiff's pleadings must include the "essential factual allegations supporting [the] claims," and those allegations "must be sufficient to support a judgment if ultimately proven." *Id.*

By stating that Brown defamed him, Blevins has made a legal accusation but not a factual allegation. "The pleading of a legal theory, without more, does not provide notice of the facts that could be pleaded to support that theory." *Kinder Morgan*, 622 S.W.3d at 850. Therefore, we conclude that Blevins's petition did not provide enough factual allegations to support his cause of action for slander. The trial court did not err in dismissing this claim pursuant to Rule 91a.

As for his second cause of action, tortious interference with an employment relationship, Blevins had to show (1) an employment contract or other relationship, (2) a willful and intentional act of interference resulting in damages, and (3) actual damages or loss. *See ACS Investors, Inc. v. McLaughlin*, 943 S.W.2d 426, 430 (Tex. 1997). Blevins asserted that Brown "instigat[ed] an investigation and termination based on false or

6

misleading allegations."  Again, however, he does not provide factual support for any "false or misleading allegation" made by Brown.  Blevins's petition fails to include facts that show he has a viable, legally cognizable right to relief, such as what Brown said, and when, where, and to whom she said it.  Blevins has alleged no specific facts showing what action Brown took and how that action led to his injury.  "Unadorned recitals of the elements of a cause of action, supported by mere conclusory statements, fail to sufficiently allege a cause of action under the fair-notice and Rule 91a standards." *Statler v. Challis*, No. 02-18-00374-CV, 2020 Tex. App. LEXIS 8519, at *32 (Tex. App.—Fort Worth Oct. 29, 2020, pet. denied) (mem. op.).

We conclude that Blevins's claim that Brown tortiously interfered with his employment has no basis in fact as pleaded.  Thus, the trial court did not err by dismissing this claim.

Issues 3–5: Appearance of Partiality, Cumulative Effect of Actions, and Violation of Due Process

By his third issue, Blevins claims that the trial court's conduct created an appearance of partiality, violating his right to a fair hearing.  In his fourth, Blevins maintains that the cumulative effect of the trial court's procedural restrictions and disparaging treatment denied him due process.  Lastly, Blevins asserts that the trial court's express bias toward him as a pro se litigant violated due process and undermined the constitutional guarantee of judicial impartiality.  These issues are based on the trial court's admonition to refrain from interrupting the court or be held in contempt, its statement that Blevins did not know what he was doing, its failure to consider Blevins's amended petition,

and its "disparate treatment between the represented party and the unrepresented one." We consider these three interrelated issues together.

Blevins does not direct us to, nor has our own review uncovered, any instance of Blevins making an objection to the trial court's statements on any basis. The record includes no motion seeking the trial judge's recusal or removal. An objection is generally required to preserve complaints about judicial misconduct, such as bias. *In re M.J.M.*, 406 S.W.3d 292, 299–300 (Tex. App.—San Antonio 2013, no pet.); *see also Jonson v. Duong*, 642 S.W.3d 189, 195 (Tex. App.—El Paso 2021, no pet.) (litigant claiming judge is biased or prejudiced must timely move to recuse judge in trial court in accordance with Texas Rule of Civil Procedure 18a; otherwise issue is waived on appeal); *Kinney v. Batten*, No. 01-11-00393-CV, 2012 Tex. App. LEXIS 5778, at *11 (Tex. App.—Houston [1st Dist.] July 19, 2012, pet. denied) (mem. op.) (holding party waived complaints regarding judicial bias by failing to timely file motion to recuse judge in trial court). Thus, Blevins failed to preserve his complaints for our review.

Even if the complaints had been preserved, the conduct complained of by Blevins does not rise to the level of showing incurable judicial bias or a due process violation. The record reflects the trial judge's concern with Blevins's pro se status and lack of understanding of procedural standards. Nothing, however, indicates that Blevins was deprived of an impartial factfinder that resulted in an improper judgment.

Consequently, we overrule issues three, four, and five.

8

**CONCLUSION**

We overrule each issue presented by Blevins on appeal.  The judgment of the trial court is affirmed.


                                        Judy C. Parker
                                        Chief Justice


Doss, J., dissenting.

9