

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-21-00555-CV

Richard L. **FLEMING** III,
Appellant

v.

**NASA FEDERAL CREDIT UNION**,
Appellee

From the County Court, Guadalupe County, Texas
Trial Court No. 2020CV0167
Honorable Bill Squires, Judge Presiding

Opinion by:     Liza A. Rodriguez, Justice

Sitting:         Rebeca C. Martinez, Chief Justice
                 Liza A. Rodriguez, Justice
                 Lori I. Valenzuela, Justice

Delivered and Filed: January 18, 2023

AFFIRMED

Richard L. Fleming III appeals from the trial court's order granting turnover relief and appointing a receiver under the Texas turnover statute. *See* TEX. CIV. PRAC. & REM. CODE § 31.002. We affirm.

<strong>BACKGROUND</strong>

NASA Federal Credit Union ("the Credit Union") sued Fleming for breach of contract, alleging he failed to repay a loan in accordance with the parties' loan agreement. The trial court granted summary judgment in favor of the Credit Union and rendered judgment against Fleming

for damages in the amount of $44,025.95.[1] The Credit Union subsequently filed an application for turnover relief in the same proceeding. In response, Fleming filed a document titled, "Objection to Plaintiff's Application for Turnover Relief & Appointment of a Receiver," in which he asserted that the "debt [was] discharged" because he had sent a "Tender of Payment" to the Credit Union's counsel.

The trial court held a hearing on the turnover application, where it took judicial notice of its file. Fleming was the only witness to testify at the hearing. On cross-examination, Fleming testified that he had a bank account at USAA. Fleming did not present any evidence to show that this bank account was exempt property. However, Fleming did present other documents, claiming that they proved that he had already satisfied the judgment. The trial court admitted Fleming's documents into evidence. In response, the Credit Union's counsel advised the court that Fleming had not satisfied the judgment; rather, Fleming had sent the Credit Union "Monopoly money"— that is, fictitious tender—which counsel had returned to Fleming with a letter.

At the end of the hearing, the trial court granted the Credit Union's turnover application and signed an order appointing a receiver and directing Fleming to turn over certain property and documents to the receiver. Fleming appealed.[2]

---

[1]Fleming appealed the judgment, but his appeal was dismissed for want of prosecution because he failed to file an appellant's brief. *Fleming v. NASA Fed. Credit Union*, No. 04-20-00546-CV, 2021 WL 881280, at *1 (Tex. App.—San Antonio Mar. 10, 2021, no pet.).

[2]Fleming appeared pro se in the trial court and he appears pro se on appeal. In his brief, Fleming contends that because he is pro se he should be held to "a less stringent standard" in this appeal. Although we liberally construe pro se litigants' pleadings and briefs, we also hold them to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Minor v. Red Hook Crab Shack LLC*, No. 04-21-00377-CV, 2022 WL 3219869, at *2 (Tex. App.—San Antonio Aug. 10, 2022, no pet.). This means that even though Fleming is a pro se litigant, he is required to comply with applicable laws and rules of procedure. *See id*.

## STANDARD OF REVIEW

We review an order requiring turnover and appointing a receiver for an abuse of discretion. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991); *Robison v. Watson*, No. 04-20-00138-CV, 2021 WL 2117936, at \*5 (Tex. App.—San Antonio May 26, 2021, no pet). Under an abuse of discretion standard, we affirm the trial court's order unless the trial court acted in an unreasonable or arbitrary manner—that is, without reference to any guiding rules and principles. *Buller*, 806 S.W.2d at 226. Lack of evidence to support a turnover order is a relevant consideration in determining if the trial court abused its discretion. *Robison*, 2021 WL 2117936, at \*5; *Heilmann v. Heilmann*, No. 04-18-00849-CV, 2020 WL 6293446, at \*5 (Tex. App.—San Antonio Oct. 28, 2020, no pet.).

## THE TRIAL COURT'S JURISDICTION

In his first issue, Fleming argues the trial court did not have jurisdiction to render the turnover order.[3]

"[E]very court with jurisdiction to render a judgment also has the inherent authority to enforce its judgments." *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co., L.P.*, 540 S.W.3d 577, 581 (Tex. 2018); *see* TEX. R. CIV. P. 308 (stating "[t]he court shall cause its judgments and decrees to be carried into execution"). Under the Texas turnover statute, a judgment creditor is entitled to aid from "a court of appropriate jurisdiction" to reach property to obtain satisfaction on the judgment, provided that the judgment debtor owns property that is not exempt from attachment, execution, or seizure for the satisfaction of liabilities. TEX. CIV. PRAC. &

---

[3]All of Fleming's issues are multifarious, that is, each issue "generally attacks the trial court's order with numerous arguments." *See Matthews v. Matthews*, No. 04-16-00609-CV, 2017 WL 4518295, at \*3 (Tex. App.—San Antonio 2017, no pet.). Although we are not required to address multifarious issues, we may consider them if we can determine, with reasonable certainty, the error about which the complaint is made. *Heilmann*, 2020 WL 6293446, at \*6; *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 51 (Tex. App.—San Antonio 1999, pet. denied).

REM. CODE § 31.002(a). The turnover statute expressly provides that "[t]he judgment creditor may move for the court's assistance" "in the same proceeding in which the judgment is rendered or in an independent proceeding." TEX. CIV. PRAC. & REM. CODE § 31.002(d). As the court that rendered the underlying judgment, the trial court had jurisdiction to render the turnover order in this case. *See id*. § 31.002; TEX. R. CIV. P. 308.

Fleming further argues the Credit Union did not have standing to file an application for turnover relief, thereby depriving the trial court of subject-matter jurisdiction. Without standing, a trial court lacks subject-matter jurisdiction to hear a case. *In re Guardianship of Archer*, 203 S.W.3d 16, 22-23 (Tex. App.—San Antonio 2006, pet. denied). The standing doctrine requires that there be (1) "a real controversy between the parties," that (2) "will be actually determined by the judicial declaration sought." *Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005).

Here, there was a real controversy between the parties for the trial court to determine. In its pleadings, the Credit Union alleged that it had obtained a judgment against Fleming and that this judgment had not been satisfied. As a judgment creditor, the Credit Union had standing to file an application for turnover relief against Fleming. *See Wells v. Poindexter*, No. 14-13-00982-CV, 2014 WL 4202527, at *2 (Tex. App.—Houston [14th Dist.] Aug. 26, 2014, pet. denied) (holding judgment creditors had standing to seek turnover relief as to the judgment in their favor). Fleming's argument that the trial court lacked subject-matter jurisdiction because the Credit Union had no standing is without merit.

Finally, Fleming's brief contains other non-jurisdictional complaints about the breach of contract judgment. Fleming appealed the breach of contract judgment, but his appeal was dismissed for want of prosecution because he failed to file an appellant's brief. *See Fleming*, 2021 WL 881280, at *1. To the extent that Fleming complains about alleged errors in the breach of contract action, we are precluded from addressing his complaints. *See Hagen v. Hagen*, 282

S.W.3d 890, 899 (Tex. 2009) ("Errors other than lack of jurisdiction over the parties or the subject matter" "may be corrected only through a direct appeal.").

We overrule Fleming's first issue.

### APPOINTMENT OF A RECEIVER

In his second issue, Fleming argues the trial court abused its discretion by appointing a receiver to aid in the collection of the breach of contract judgment.

The Texas turnover statute explicitly authorizes the trial court to appoint a receiver who has the authority to take possession of nonexempt property, to sell it, and to pay the proceeds from the sale to the judgment creditor to the extent necessary to satisfy the judgment. TEX. CIV. PRAC. & REM. CODE § 31.002(b)(3); *see Schultz v. Cadle Co.*, 825 S.W.2d 151, 153 (Tex. App.—Dallas 1992, writ denied). Fleming nevertheless argues that the trial court abused its discretion in appointing a receiver because the "traditional requirements" for appointing a receiver were not satisfied. However, because the trial court appointed a receiver pursuant to the turnover statute, the traditional requirements for the appointment of a receiver are inapplicable. *See Roosth v. Roosth*, 889 S.W.2d 445, 458 (Tex. App.—Houston [14th Dist.] 1994, writ denied) ("[T]raditional requirements for appointment of a receiver are not applicable to post-judgment receiverships under § 31.002.").

Fleming further argues that the trial court abused its discretion by appointing a receiver under the turnover statute because the conditions for turnover relief were not met. Under section 31.002(a), a judgment creditor is entitled to a turnover order "to reach property to obtain satisfaction on the judgment if the judgment debtor owns property . . . that is not exempt from attachment, execution, or seizure for the satisfaction of liabilities." TEX. CIV. PRAC. & REM. CODE § 31.002(a). The issuance of a turnover order requires a factual showing that the judgment debtor owns nonexempt property. *Heilmann*, 2020 WL 6293446, at *5. Once the judgment creditor

presents evidence that the judgment debtor owns nonexempt property, the burden shifts to the judgment debtor to prove that the property is exempt. *Id*. at *6. Notably, the turnover statute does not specify or restrict the manner in which the evidence is to be received, nor does it require the evidence to be in any particular form, at any particular level of specificity, or reach any particular quantum before the court may grant relief under the statute. *Id*. at *5.

Here, the record contains some evidence establishing the necessary conditions for turnover relief. At the hearing, the trial court took judicial notice of its file, which contained the underlying judgment. *See In re J.E.H.*, 384 S.W.3d 864, 870 (Tex. App.—San Antonio 2012, no pet.) (recognizing that the trial court could take judicial notice of an order it had signed in the case); TEX. R. EVID. 201. On cross-examination, Fleming testified that when he applied for the loan from the Credit Union he had a bank account with USAA, and that at the time of the hearing he still had the bank account with USAA. *See Heilmann*, 2020 WL 6293446, at *5. Fleming did not produce any evidence establishing that his USAA bank account was exempt from turnover. *See id*. at *6. However, Fleming did present other documents, claiming that they showed that he had already paid the judgment.

Fleming's payment evidence was admitted into evidence as Exhibit No. 3. Exhibit No. 3 consisted of two documents: (1) a "payment coupon," and (2) a letter from the Credit Union's counsel to Fleming. The payment coupon, which was signed by Fleming before a notary, was titled, "OFFERING - BOOKKEEPING CREDIT REMITTANCE COUPON." It further stated that it was payable to the Credit Union and that the "Amount of Obligation" was "FOURTY-SEVEN [sic] THOUSAND DOLLARS deposit as BOOKKEEPING ENTRY CREDIT on account towards principal balance." The letter from the Credit Union's counsel stated that Fleming's payment coupon, which was based on "phantom economic fantasy transactions," was rejected. The letter

also stated that Fleming could resolve his outstanding judgment with "tender and delivery of traditional, actual, real money" "commonly referred to as U.S. dollars."

On appeal, the crux of Fleming's complaint is that the trial court "ignored" his payment evidence. However, as the factfinder, the trial court was the sole judge of the weight and credibility of the evidence, and it was free to resolve any conflicts in the evidence in favor of the Credit Union. *See City of Keller v. Wilson*, 168 S.W.3d 802, 819-20 (Tex. 2005). Based on the evidence before it, the trial court could have properly concluded that Fleming's payment coupon was not a valid payment. *See id.*; *Rocha v. NASA Fed. Credit Union*, No. 02-21-00416-CV, 2022 WL 2176517, at *3 (Tex. App.—Fort Worth June 16, 2022, no pet.) (concluding a similar payment coupon was not evidence of a valid payment and the trial court properly rejected it as proof of satisfaction of the judgment in that case).

Finally, Fleming argues that the trial court erred by not making findings of fact and conclusions of law after he requested them. Even though Fleming timely filed a request for findings of fact and conclusions of law and a request for past due findings of fact and conclusions of law, the trial court did not file findings of fact and conclusions of law. *See* TEX. R. CIV. P. 296, 297.

A trial court's failure to file findings in response to a timely and proper request is presumed to be harmful, unless the record affirmatively shows that the appellant suffered no harm. *Ad Villarai, LLC v. Cahn II Pak*, 519 S.W.3d 132, 135 (Tex. 2007). "When only a single ground of recovery or a single defense is presented to the trial court, the record shows the appellant has suffered no harm because he is not forced to guess the reasons for the trial court's judgment." *Mora v. Mora*, No. 04-17-00428-CV, 2018 WL 4903079, at *4 (Tex. App.—San Antonio Oct. 10, 2018, pet. denied).

In this case, the Credit Union's single ground of recovery was turnover relief under the turnover statute. The trial court held a brief hearing, where Fleming was the only witness to testify.

Fleming testified that he had nonexempt assets—namely, a USAA bank account. Fleming argued that he had already paid the judgment, but counsel for the Credit Union argued that Fleming had only provided the Credit Union with fictitious tender. Fleming's own evidence showed that his purported payment of the judgment was invalid. Fleming did not have to guess the reasons for the trial court's turnover order. We conclude the record affirmatively shows that Fleming was not harmed by the trial court's failure to file findings of fact and conclusions of law. *See id.* (holding the trial court's failure to file findings of fact and conclusions of law was not harmful when only a single issue was presented to the trial court); *see also We Deliver, Inc. v. Calderon*, No. 04-19-00132-CV, 2020 WL 4218691, at *5 (Tex. App.—San Antonio 2020, pet. denied) (holding record affirmatively showed that appellant was not harmed by absence of findings of fact and conclusions of law when the case was tried on a single claim and only two witnesses testified).

We overrule Fleming's second issue.

### THE TRIAL COURT'S HANDLING OF THE HEARING

In his third issue, Fleming raises various complaints about the trial court's handling of the turnover hearing. Among other things, Fleming claims the trial court violated its oath of office, breached its "fiduciary duty" to him, and "should have protected his rights" because he was a pro se litigant.

As a prerequisite to presenting a complaint on appeal, a party must first present the complaint to the trial court and provide the trial court an opportunity to consider the complaint and rule on it. TEX. R. APP. P. 33.1(a). "[T]o preserve a complaint about judicial conduct for review, an objection to the conduct must be made in the trial court at the time the conduct occurs." *In re M.J.M.*, 406 S.W.3d 292, 300 (Tex. App.—San Antonio 2013, no pet.); *see Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) ("[O]bjection to a trial court's alleged improper conduct [] must be made when it occurs if a party is to preserve error for appellate review."). Here, Fleming

failed to object to the trial court's conduct when it occurred. Accordingly, the complaints presented in Fleming's third issue are not preserved for appellate review. *See* TEX. R. APP. P. 33.1(a); *Dow Chem. Co.*, 46 S.W.3d at 241; *In re M.J.M.*, 406 S.W.3d at 300.

We overrule Fleming's third issue.

## CONCLUSION

The trial court's turnover order is affirmed.

Liza A. Rodriguez, Justice